IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY              )
COMMISSION,                               )
    George H. Fallon Building             )
    31 Hopkins Plaza, Suite 1432          )
    Baltimore, Maryland 21201             )
                                )
          Plaintiff,                       )          **COMPLAINT AND JURY TRIAL**
                                )          **DEMAND**
                                )
          v.                               )
                                )
DOODYCALLS, INC.,                         )          Civil Action No.
    701 East Gude Drive, Suite 102        )
    Rockville, Maryland 20850             )
                                )
          Defendant.                       )
                                )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and disability, and to provide appropriate relief to Amanda Peal who was adversely affected by such practices.

As is alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Peal, in violation of Title VII and the ADA, by terminating her employment based on her sex/pregnancy and her disability, incompetent cervix.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §§ 12117(a) which incorporates by reference Sections 706 of Title VII, 42 U.S.C. §§ 2000e-5.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and Title I of the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 107(a) of the ADA, 42 U.S.C. §§ 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      Defendant, DoodyCalls, Inc. ("DoodyCalls" or "Defendant"), is a Virginia corporation authorized to conduct business in Maryland that, at all relevant times, has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), and Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5)

2

and (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Amanda Peal ("Peal") filed a charge of discrimination with the Commission alleging violations of Title VII and the ADA by her former employer, DoodyCalls, Inc.

8.      On August 9, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      On August 22, 2019, Defendant declined the Commission's invitation to conciliate.

10.      On August 29, 2019, the Commission amended its August 9, 2019 Letter of Determination to include a finding of Title VII sex/pregnancy discrimination and offered, within seven days, to re-open conciliation discussions with Defendant.

11.      Defendant failed to respond to the Commission's willingness to re-open conciliation attempts.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.      Since at least March 13, 2019, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

3

2000e-2(a). These practices include terminating Peal because of her pregnancy, as set forth below:

     a.     On February 21, 2019, Peal joined Defendant as a pet waste technician, whose duties included visiting residential and commercial sites to collect and dispose of pet waste.

     b.     At the time of her hire, Peal was approximately four months pregnant, but had not yet disclosed her pregnancy to Defendant.

     c.     Shortly after her hire, she shared the fact of her pregnancy with Defendant's Operations Manager, Jonathan Jupiter ("Jupiter").

     d.     Just a few weeks into her employment, on March 4, 2019, Peal underwent emergency surgery as a result of an incompetent cervix, which was discovered in the course of a routine, prenatal examination. Peal received a cerclage—the stitching of her cervix to prevent further dilation—with the goal of promoting a full-term pregnancy.

     e.     Without the cerclage, Peal's pregnancy would have resulted in miscarriage or stillbirth.

     f.     Peal's incompetent cervix is permanent, so for any subsequent pregnancy she must undergo the same surgery to prevent miscarriage or stillbirth.

     g.     On March 12, 2019, a week into her Peal's recovery, her doctor released her fully to return to work. Peal advised Jupiter that she was cleared to return, but also shared that her doctor had told Peal that her pregnancy was still high-risk and to avoid anything "too strenuous."

     h.     The next day, March 13, 2019, Peal furnished Jupiter with a written release

to return to work. Jupiter expressed concern about Peal performing the job while high-risk. Peal explained that she should avoid lifting over 20 pounds and should take a five-to-ten-minute break after six hours of walking. Jupiter responded that he could not guarantee that; that he was concerned about the company's liability; that this was not the right time for her to be in the job; and that she could re-hire after her pregnancy. That was her final day of work.

i.      Consistent with Defendant's job description, Peal's job of pet waste technician allowed her the choice of removing pet waste in small (10 lb.), medium (20 lb.), or large (50 lb.) increments, and she successfully performed her job removing waste frequently in ten-pound increments, thereby obviating any lifting in excess of 20 pounds.

j.      Nothing in Defendant's job description of pet waste technician requires walking for a straight six hours without a five-to-ten-minute break thereafter.

14.    The effect of the practices complained of in paragraphs 13 above has been to deprive Peal of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/pregnancy.

15.    Since at least March 13, 2019, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(b), of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(b). These practices include terminating Peal because of her disability and because of Defendant's belief that it would have to accommodate her disability.

a.      The Commission hereby re-alleges paragraph 13(a) through (j) as if fully incorporated herein.

5

b.      At the time of the events at issue, Peal had an incompetent cervix, a physical impairment that substantially limited her major life activities and bodily functions including, but not limited to, lifting and reproduction.

c.      Because Peal has an incompetent cervix, any pregnancy is considered high-risk for her.

d.      Peal is an individual with a disability within the meaning of the ADA who, at all relevant times, could perform the essential functions of her position of pet waste technician without a reasonable accommodation.

e.      On March 13, 2019, Peal attempted to return to work following cerclage surgery, and presented a doctor's note authorizing her return to work.

f.      Defendant's Operations Manager Jupiter expressed concern about the company's liability were Peal allowed to return to work and something bad were to happen at work because of her high-risk pregnancy.

g.       Though Peal lifted no more than ten pounds in her job and did not walk continuously for six hours in the job, Jupiter made clear that he could not guarantee a lifting restriction in excess of 20 pounds or a five-to-ten-minute break for Peal after six hours of continuous walking.

h.      The position of pet waste technician did not require at least 20 pounds of lifting and six hours of continuous walking.

i.      On March 13, 2019, Peal attempted to engage in the interactive process with Defendant by furnishing her doctor's full release to return to work but the process broke down when Jupiter informed Peal that he could not guarantee any

6

accommodation; that he was concerned about the company's liability; that this was not the right time for her to be in the position; and that she could re-apply after her pregnancy.

j.     On March 13, 2019, Defendant terminated Peal because of her disability.

16.     The effect of the practices complained of in paragraph 15 above has been to deprive Peal, an individual with a disability, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

17.     As a direct and proximate result of these violations of her rights under Title VII and the ADA, Peal has suffered damage in the form of past pecuniary losses. In addition, she has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

18.     The unlawful employment practices complained of herein were intentional

19.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to Peal's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, including discrimination on the basis of pregnancy.

B.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them,

from 1) terminating a qualified individual with a disability because of that disability; 2) refusing employment to any individual with a disability based on a belief that it would have to reasonably accommodate that individual's disability; and 3) from engaging in any employment practice which discriminates on the basis of a disability.

       C.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA or Title VII.

       D.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA and Title VII, and which eradicate the effects of their past and present unlawful employment practices.

       E.      Order Defendant to implement non-discriminatory objectives, written policies, and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a pregnancy and/or disability, including that they will comply with all aspects of the ADA and Title VII and that it will not take any action against employees because they have exercised their rights under the statute.

       F.      Order Defendant to make whole Peal by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Order Defendant to make whole Peal by providing compensation for past pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 13 and 15 in amounts to be determined at trial.

H.      Order Defendant to make whole Peal by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 13 and 15 including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

I.      Order Defendant to pay Peal punitive damages for their malicious and reckless conduct described in paragraphs 13 and 15, in amounts to be determined at trial.

J.      Grant such further relief as the Court deems necessary and proper.

K.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

9

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney

LAUREN J KELLEHER
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION